NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : Crim. No. 05-755 (SRC) |
| v. | : |
| | : **OPINION & ORDER** |
| TANYA BRANDON, | : |
| | : |
| Defendant. | : |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Tanya Brandon ("Defendant" or "Brandon") for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (docket item #34). In particular, Brandon seeks a reduction based on the retroactive applicability of revised sentencing guidelines for offenses involving cocaine base, i.e., crack cocaine, as set forth in U.S.S.G. § 1B1.10 and § 2D1.1. The Court has considered movant's papers, as well as the opposition submitted by the United States of America and the memorandum by the United States Probation Office setting forth its position on Defendant's motion. For the reasons discussed below, the Court will deny Defendant's motion.

**I.    BACKGROUND**

On September 26, 2006, this Court sentenced Brandon to a term of 36 months' imprisonment for the crime of using a communication device to facilitate the distribution of

crack cocaine, in violation of 21 U.S.C. § 843(b).  Based on the amount of crack cocaine involved in the offense (11.5 grams), Defendant's acceptance of responsibility and her criminal history, the otherwise applicable sentencing guideline range would have been 70 to 96 months.  The violation to which Brandon pled guilty, however, carried a statutory maximum sentence of 48 months.  Thus, the advisory guidelines range applied by the Court in sentencing was 48 months.  Pursuant to 18 U.S.C. § 3553(a), the Court imposed a sentence below the 48-month range in light of Brandon's small role in the drug conspiracy and her cooperation with the government.

After this Court sentenced Brandon, the United States Sentencing Commission amended Section 2D1.1 of the sentencing guidelines to reduce the base offense levels for most quantities of crack cocaine by two levels.  The Sentencing Commission included the amendment in its list of guideline amendments which may be applied retroac
tively, set forth in Section 1B1.10(c) of the Guidelines.  The base offense level for crimes involving the amount of crack cocaine underlying Brandon's offense was lowered two levels, which would have lowered Brandon's total offense level and decreased the sentencing guideline range to 57 to 71 months.

On April 3, 2006, Brandon filed this motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c), seeking relief under the retroactively applicable sentencing amendment.

**II.     DISCUSSION**

Section 3582(c)(2) provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Brandon is ineligible for relief under § 3582(c). The crack cocaine sentencing amendment does not lower Brandon's applicable guideline range. Based on the amount of crack cocaine involved in the distribution offense underlying Brandon's offense, the amendment would reduce the otherwise applicable guidelines range from a term of imprisonment of 70 to 96 months to a term of 57 to 71 months. The Court, however, did not apply the guidelines range that corresponded to the amount of crack cocaine involved. Instead, it applied the guidelines range of 48 months, the statutory maximum for Brandon's offense, as required by the Sentencing Guidelines. <u>See</u> 21 U.S.C. § 843(d)(1) (providing maximum penalty of a four-year term of imprisonment for the crime of using communication device to facilitate distribution); U.S.S.G. § 5G1.1(a)("[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). The range of 57 to 71 months that would apply as a result of the amended base offense levels listed in U.S.S.G. § 2D1.1 is still greater than the 48-month guideline range that was actually applied in sentencing Brandon, by operation of the maximum penalty authorized for

her offense. In short, Brandon was not "sentenced . . . based on a sentencing range that has subsequently been lowered" and thus fails to meet Section 3582(c)'s threshold requirement for relief.

Moreover, a reduction in Brandon's sentence would contravene the stated policy of the Sentencing Commission with regard to the retroactive application of the reduced sentencing guidelines for crack cocaine offenses. In fact, the Sentencing Guidelines expressly prohibit the reduction Defendant seeks. In relevant part, Section 1B1.10(a), which otherwise provides that the amended crack cocaine sentencing guideline range may be applied retroactively, states:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Accordingly,

**IT IS** on this 7th day of May, 2008,

**ORDERED** that Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (docket item #34) be and hereby is **DENIED**.

                                              s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                              United States District Judge